INHABITANTS OF SEBEC *vs.* INHABITANTS OF DOVER.

Piscataquis. Opinion December 31, 1880.

*Pauper. Liabilities of towns for aid when pauper disabilities do not follow.*

Stat. 1875, c. 21, imposes no duty upon towns to render aid to needy persons whether soldiers or otherwise, but simply prohibits pauper disabilities to certain persons dependent upon towns and receiving aid on account of such dependence.

The only statute authorizing aid in such cases as this, is the general pauper law, and while that regulates the duties and rights of towns as to the aid furnished, the law of 1875 refers to and regulates the rights of persons receiving such aid and does not affect the remedy upon the town of settlement.

ON REPORT.

The case is stated in the opinion.

*W. P. Young,* for the plaintiffs.

*A. M. Robinson,* for the defendants.

To render defendants liable, the supplies furnished, must be to a pauper. *Verona* v. *Penobscot,* 56 Maine, 11. But the person receiving aid was a disabled soldier, not a pauper. Stat. 1875, c. 21.

This statute affects the towns as well as the person aided. *Glenburn* v. *Naples,* 69 Maine, 68 ; see also, *Veazie* v. *China,* 50 Maine, 518 ; and *Milford* v. *Orono, id.* 529, where the principle contended for was recognized and applied to former statutes in aid of the soldiers.

DANFORTH, J. This is an action for alleged pauper supplies furnished one Justin E. Blethen. The facts agreed upon leave no doubt as to the liability of the defendant town under the general pauper law.

The defence rests upon the act of 1875, c. 21, which provides that, "No soldier who has served by enlistment in the army or navy of the United States, in the war of eighteen hundred and sixty-one, and in consequence of injury sustained in said service, may become dependent upon any city or town in this State, shall be considered a pauper, or subject to disfranchisement for that cause."

The statement further shows that the person receiving the supplies in this case, and his need of such supplies, comes clearly within the terms of this act, and the only question presented is, whether the defendant town is relieved of its liability under the pauper law, by its provisions.

The language of the act, "may become dependent upon any city or town," must be construed as referring to a town or city under legal obligation to furnish, and a person having a legal right to receive supplies on account of need. In this case, the person receiving aid was at the time, a resident of the plaintiff town, and his poverty as well as the legal liability of such town is conceded. The supplies then were legally furnished. Must the plaintiff bear the expense, or does it have a remedy over upon the town of Blethen's settlement?

The act of 1875 imposes no obligation upon any town to furnish aid to any person, soldier or otherwise. It assumes that the class of persons, there referred to, are entitled to assistance in case of need, and simply declares that when such assistance is received, certain pauper disabilities shall not follow. The same condition of poverty is necessary to entitle one to supplies as under the general pauper law, but the same consequences do not result. The act, then, has reference to the person rather than the towns, and while it prevents any change in his rights, it does not in any way affect or purport to affect, the rights or liabilities of the different towns, except, as held in *Glenburn* v. *Naples*, 69 Maine, 68, such supplies would not prevent the residence

sufficiently long continued, from ripening into a settlement, and as held in the same case this principle, resulting from the provision that supplies under such circumstances do not cause pauper disabilities, has no tendency to destroy or affect the remedy over upon the town where is the settlement of the person receiving such supplies.

We must, therefore, look elsewhere for the rights and liabilities of these towns.

Under our statutes, soldiers who have become poor on account of services rendered in the army or navy, have been treated in a manner differing in some respects from others who have received aid as paupers.

In 1861, and each following year, down to 1865, an act was passed in relation to the support of the families and dependents of volunteer soldiers. All these acts are substantially consolidated in that of 1865, c. 331, and refer to the support of the families and dependents, while the soldier is in actual service, or within a limited time after his death in or discharge from the army in consequence of the casualties of war, and in no case do they provide for aid directly to the soldier. These acts, except that of 1865, as they authorized the raising of money for the support of persons " being inhabitants of such towns," must necessarily be, as they have been, construed to impose the obligation upon the town of such persons' residence, without any remedy over, except so far as they provided for a reimbursement by the State. *Veazie* v. *China*, 50 Maine, 518 ; *Milford* v. *Orono*, *id.* 529 : *Verona* v. *Penobscot*, 56 Maine, 11.

As the aid in this case was not furnished to the family, but directly to the soldier, but more especially as the aid was not and could not have been furnished within the time allowed by the several acts, or in accordance with their provisions, they are not applicable to this case, and imposed no obligation upon the plaintiff town.

The only remaining source whence we can derive any obligation requiring the plaintiff town to furnish the aid rendered in this case, is the act for the support of paupers. This, as we have seen, does impose such a duty. It was under this law and this

alone that Blethen became "dependent upon the town" of Sebec. By this act the remedy over is so connected with the duty that it cannot be separated from it. By R. S., c. 24, § 4, towns are authorized to raise money for the support of such persons only, as have a settlement therein. By § 24, "overseers are to relieve persons destitute found in their towns, and having no settlement therein." The only means provided in the latter case for reimbursement is, not by taxation as in the former, but by a recovery of the expense from the town where the destitute person has a settlement. Thus the right of recovery is a condition of the duty, an elementary part of and inseparable from it.

Nor is the act of 1875 in conflict with this view. The remedy over does not make the person a pauper. It, in no manner, affects the question as to whether he shall be assisted, nor his condition when assisted. It is a matter between the towns as to which shall finally bear the expense, and though it may so far affect the person as to prevent the supplies from having an influence upon his settlement, it certainly imposes no burden upon him in that respect but relieves him from one, as it tends to enable him to gain the settlement of his choice, as held in *Glenburn* v. *Naples, supra.*

The pauper law is but a statute and may be changed or modified as the legislature may see fit; or a part of it only may be made applicable to any particular class of persons, while as to them another part may be made of no force. In this respect the act of 1865, c. 331, is an illustration. By § 6 of that act all expenses for the relief of soldiers not reimbursed by the State may be recovered of the town where such persons have their legal settlement, and yet in the same section it is provided that no pauper disabilities shall be created, by any aid furnished under its provisions. *Ames* v. *Smith,* 51 Maine, 602. A similar provision has been incorporated into the law for the support of the insane poor and sustained by the court. *Glenburn* v. *Naples, supra.* Thus it is evident that the legislature by a prohibition of pauper disabilites on account of aid rendered the needy soldier, did not mean that he should not be supplied in accordance with the pauper law; for if it were so, no aid could be rendered to

the soldier more than six months discharged from the army, as was Blethen, but by the act of 1875, leaves him to become dependent by that law, and when so dependent imposes the duty of assistance upon towns in accordance with its provisions, but protects his person from its disabilities.

Whether the provision forbidding disfranchisement is in accordance with the constitution is not a question involved in this case. If unconstitutional it can have no effect. If otherwise it is not inconsistent with, and does not affect the duty of towns to render aid in all proper cases, nor with any rights or remedy they may have which do not impair the rights of such as receive assistance.

*Defendants defaulted.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.